# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT of TENNESSEE
# at CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE RELEASE OF SUBSCRIBER AND HISTORICAL CELL SITE INFORMATION FOR TELEPHONE NUMBER (404) 447-4999 | 1:11-mj- 304<br><br>APPLICATION<br>(UNDER SEAL) |

COMES NOW the United States of America by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, and Jay Woods, Assistant United States Attorney, and applies *ex parte* to the Court for an Order directing the disclosure of subscriber information and historical cell site information pursuant to Title 18, United States Code, Section 2703(d). The proposed Order would require MetroPCS, a cellular service provider located in Richardson, Texas, to disclose certain records and information pertaining to cellular telephone number: (404) 447-4999 (hereafter identified as "Target Telephone") for the period beginning October 13, 2011, and ending December 11, 2011. The records and other information to be disclosed are more fully described below in Part 6, Subpart *h*, and Part 6, Subpart *h* is herein referenced in whole as the "requested information". In support of this Application, the United States would show:

1. Applicant certifies that the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), Resident Agent in Charge Chattanooga, Tennessee, is conducting a criminal investigation of individuals known and unknown in connection with human trafficking–potential violations of 18 U.S.C. § 1590, concerning trafficking of persons with respect to peonage, slavery, involuntary servitude, or forced labor, and 18 U.S.C. § 2421, concerning transportation of persons for illegal sexual activity (together, the "listed crimes").

Based on this investigation, it is believed that at least one subject, unidentified at this time, of the investigation is using the Target Telephone issued by MetroPCS in furtherance of one or more of the listed crimes and that the information likely to be obtained from subscriber and historical cell site information is relevant and material to the ongoing criminal investigation as described below.

2. MetroPCS is a provider of an "electronic communications service", as defined in 18 U.S.C. § 2510(15), and/or a "remote computing service", as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require MetroPCS to disclose the requested information. *See* 18 U.S.C. §§ 2703(c)(1) and (c)(2). This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction", as defined in 18 U.S.C. § 2711(3). *See* 18 U.S.C. § 2703(d). Specifically, the Court is a magistrate judge of a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. Applicant has previously requested toll records related to the Target Telephone in furtherance of the subject investigation by use of an administrative subpoena and has this date submitted an application for additional toll data.

4. Applicant requests an order directing MetroPCS to disclose the requested information.

5. Applicant further requests that the Court direct MetroPCS to notify agents of HSI Chattanooga, upon this request, of any and all changes (including additions, deletions, and transfers) made in service subscriber information (published and nonpublished) associated with these service changes during the time frame of the request.

6. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought[] are relevant and material to an ongoing criminal

investigation." 18 U.S.C. § 2703(d). Accordingly, this section sets forth specific and articulable facts showing that there are reasonable grounds to believe that the requested information is relevant and material to an ongoing criminal investigation. In support of this request for an Order pursuant to 18 U.S.C. § 2703(d) directing the furnishing of subscriber and historical cell site information and based upon discussions with Special Agent ("S/A") George "David" Nalley of HSI Chattanooga, the United States sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the subscriber and historical cell site information pertaining to the Target Telephone are relevant and material to the ongoing criminal investigation:

    a. The United States Department of Homeland Security, Homeland Security Investigations, Resident Agent in Charge Chattanooga, Tennessee, is currently conducting a human trafficking investigation. The investigation concerns possible violations of Title 18 United States Code § 1590 concerning trafficking with respect to peonage, slavery, involuntary servitude, or forced labor and Title 18 United States Code § 2421 concerning transportation for illegal sexual activity.

    b. On March 27, 2011, HSI Chattanooga initiated an investigation into alleged human trafficking and/or forced prostitution activities occurring in the Chattanooga area based upon information received from a source of information (hereafter referred to as "Source A"). Source A provided a telephone number (hereafter referred to as "Phone A") that, according to Source A, can be utilized to order young Hispanic females to be transported from Atlanta, Georgia, to Chattanooga, Tennessee, to act as escorts in local Hispanic nightclubs. S/A Nalley did not have further contact with Source A after receiving this information. Between March 2011 and September 2011, S/A Nalley focused the investigation on a local Hispanic night club without progress, due to the loss of an inside source and the furtive, careful nature of the club owners.

    c. On September 7, 2011 HSI S/A David Nalley conducted a consensually

monitored telephone call to Phone A utilizing a documented, reliable, confidential source (hereafter referred to as "Source B") to inquire about prospectively hiring prostitutes for a party in Chattanooga, Tennessee. Phone A explained to Source B that her girls will only travel to Chattanooga, Tennessee, to dance. Phone A told Source B that, although she does not provide girls for prostitution, she knows someone who can meet Source B's request. Phone A told Source B to expect a phone call from another individual who can provide prostitutes for Source B's party.

  d. On October 15, 2011, Source B made contact with S/A Nalley to provide information that Target Telephone made contact with Source B on October 14, 2011, to discuss the ability of Target Telephone to provide prostitutes of mostly Dominican and Honduran nationality for Source B's party. Target Telephone explained both price and duration to Source B and told Source B that Target Telephone has prostitutes in multiple cities within the United States to include: Chattanooga, Tennessee; Atlanta, Georgia; and Orlando, Florida. Target Telephone also explained she already has a Chattanooga, Tennessee, location for Source B to meet with the prostitutes ("Target Location") but will only provide directions to that location on a turn by turn basis while Source B is in route to Target Location. Source B informed S/A Nalley that this call was the first contact between Source B and Target Telephone since the inquiry made on September 7, 2011, between Source B and Phone A.

  e. In addition, Source B has received information from an unwitting informant (hereinafter referred to as "Source C"). In the past two weeks, Source C informed Source B that Source C sought and received the services of a prostitute by arranging the services through the Target Telephone. Source C stated that the person contacted by calling the Target Telephone directed him to a location on a turn by turn basis while Source C was in route to the Target Location. Source C stated that the prostitutes were of differing nationalities, specifically noting Dominican. Source C identified the Target Location; agents have travelled to the Target Location

and determined that surveillance of the Target Location is not feasible, as the area is densely residential with a significant population of apparently foreign nationals.

      f.      Subscriber and historical cell site information is likely to yield more evidence about the dates and times of travel and contact with others involved in the listed crimes by the unidentified user of the Target Telephone, which would aid in continued surveillance, links to other investigations, and accumulation of evidence from other traditional law enforcement investigative resources, as well as the possible identification of this user.

      g.      In S/A Nalley's experience, the requested information would aid HSI Agents in determining the historical location of the subject when the telephone calls were conducted. This will allow agents to determine the base of the human trafficking and sex trafficking operations within the Chattanooga area, if the Target Location is that base, and the extent of such operation within the HSI Chattanooga area of responsibility. The historical cell site information will further allow HSI Agents to develop an understanding of the frequency of activity and to identify possible patterns of activity, such as particular days of the week and/or month as well as times of day or night when activity is highest. These patterns would allow agents to direct surveillance activities in an efficient manner so as to increase the odds of identifying the subject who is utilizing the Target Telephone, as well as any additional coconspirators and/or locations that are occupied by or utilized by the unidentified subject and others in furtherance of the aforementioned illegal activities.

      h.      Based upon the facts and pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2), and 2703(d), because there are reasonable grounds to believe that such information is relevant and material to an ongoing criminal investigation, Applicant requests that MetroPCS and any other person or entity providing wire or electronic communications service in the United States whose assistance may facilitate the execution of the Order be ordered to supply the

following subscriber information (referred to in whole as the "requested information") for the Target Telephone during the period beginning October 13, 2011, and ending December 11, 2011:

    i. Names (including subscriber names, user names, and screen names);

    ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    iii. Local and long distance telephone connection records;

    iv. Records of session times and durations;

    v. Length of service (including start date) and types of service utilized;

    vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ["ESN"], Mobile Electronic Identity Numbers ["MEIN"], Mobile Equipment Identifier ["MEID"], Mobile Identification Numbers ["MIN"], Subscriber Identity Modules ["SIM"], Mobile Subscriber Integrated Services Digital Network Number ["MSISDN"], International Mobile Subscriber Identifiers ["IMSI"], or International Mobile Equipment Identities ["IMEI"]);

    vii. Other subscriber numbers or identities; and

    viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

Furthermore, and pursuant to the same statutes, Applicant requests that MetroPCS and any other person or entity providing wire or electronic communications service in the United States whose assistance may facilitate the execution of the Order be ordered to supply the following other

records and information (not including the contents of communications):

  ix. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; and data transfer volume;

  x. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

  xi. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the requested information is relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the listed crimes described above and to determine the nature, frequency, and scope of their activities. Accordingly, the United States requests that MetroPCS be directed to produce all requested information, as detailed in Part 6, Subpart *h*.

8. The United States further requests that the Order require MetroPCS not to notify any person, including the subscribers or customers of the Target Telephone, of the existence of either the Order or the investigation by HSI Chattanooga until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to

Case 1:11-mj-00304-SKL   Document 1   Filed 12/13/11   Page 7 of 8   PageID #: 7

whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order would seriously jeopardize the investigation by giving targets an opportunity to endanger law enforcement agents engaged in this investigation, to flee or continue flight from prosecution, to destroy or tamper with evidence, to change patterns of behavior, or to notify confederates. *See* 18 U.S.C. § 2705(b)(1), (2), (3), and (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to personal computers.

9. The United States further requests that the Court order that this Application and any resulting Order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed on the 12th [13th] day of December, 2011.

RESPECTFULLY SUBMITTED,

WILLIAM C. KILLIAN
United States Attorney

By: _____
Jay Woods
Assistant United States Attorney